JULIAN M. BAUM (CA State Bar No. 130892)
**JULIAN M. BAUM & ASSOCIATES**
9 Tenaya Lane
Novato, California 94947
Telephone: (415) 892-3152
Facsimile:  (888) 452-3849
E-Mail: JMB@JMBLawGroup.Com

Attorneys for Plaintiff
BRYAN C. TRUJILLO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN C. TRUJILLO, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | *[ERISA, 29 U.S.C. Sections 1001 et seq.]* |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

## JURISDICTION

1.    This is an action for equitable relief, for contractual payment of benefits, and for related relief under a group long-term disability insurance policy.  Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974,

29 U.S.C. Sections 1001 *et seq*. (hereafter, "ERISA").  This Court has subject matter jurisdiction of this action under  29 U.S.C. § 1132 and 28 U.S.C. § 1331.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events or omissions which give rise to plaintiff's claims occurred in the County of San Mateo, California.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

3. At all relevant times, plaintiff Bryan C. Trujillo was a commercial aircraft pilot employed by Federal Express, and a covered beneficiary under a Supplemental Long Term Disability Insurance policy (the "Policy") issued by defendant Aetna Life Insurance Company ("Aetna").

4. Plaintiff is informed and believes, and on that basis alleges, that the Policy is part of an employee welfare benefit plan, within the meaning of ERISA, 29 U.S.C. §§ 1002 and 1003, established by Federal Express to provide disability insurance benefits to Federal Express employees including its pilots.

5. Mr. Trujillo suffers from severe obstructive sleep apnea and sleep-wake schedule disorder, delayed phase type, and is being treated for those conditions by physicians at the Stanford University Hospital Division of Sleep Medicine.

6. Stanford's Division of Sleep Medicine is highly respected in the medical field as one of the preeminent and authoritative medical groups in the world in the specialized field of sleep medicine.

7. Based on his treatment at Stanford for his sleep apnea, Mr. Trujillo was able to obtain an Authorization for Aviation Medical Examiner Assisted Special Issuance of Medical Certification from the Federal Aviation Administration ("Special Certification").  The Special Certification was based on the evaluation dated **July 2, 2015** of the FAA Civil Aerospace Medical Institute, Aerospace Medical Certification Division.

8. The Special Certification was valid for less than one year ending on **May 31, 2016**, and was contingent upon periodic review.

9. The Special Certification specifically directed as follows:

**"You are cautioned to abide by Title 14 of the CFS, Section 61.53, relating to operations during medical deficiency. Because of your history of obstructive sleep apnea, operation of aircraft is prohibited at any time new symptoms or adverse changes occur, if you experience side effects from, or require a change in medication and or treatment or for 6 hours after use of medication (Zalepion/Sonata)."**

(Emphasis added.)

10. On or about **May 2, 2016**, the FAA had Mr. Trujillo examined and his medical condition evaluated by Aviation Medical Examiner Michael A. Maddalena, M.D.

11. By letter dated **June 9, 2016**, signed by FAA Regional Flight Surgeon David G. Schall, M.D. MPH FACS, the FAA notified Mr. Trujillo that the FAA deemed him medically unfit for continued flight certification:

**"Consideration of your application for Airman Medical Certification and report of medical examination completed on May 9, 2016 discloses that you do not meet the medical standards as prescribed in Title 14 of the Code of Federal Regulations (CFR), Section 67.  Specifically, under paragraph(s) or section(s) 67.113(b)((c), 67.213(b) (c), 67.313 (b)(c), Medical Standards and Certification, due to your Obstructive Sleep Apnea, Chronic Fatigue and Sleepiness, and ineffective treatment."**

12. By letter dated **June 18, 2016**, Mr. Trujillo provided defendant Aetna with a true and correct copy of the above-referenced letter from the FAA dated June 9, 2016.

13. By letter dated **January 17, 2017** ("Aetna's Denial Letter"), Aetna denied Mr. Trujillo's application for disability insurance benefits under the Policy.  Aetna's letter stated that Aetna had conducted a "thorough review of all medical information received," including a "peer review" performed by "a third party physician with aerospace medical credentials."

14. The "peer review" referenced by Aetna's denial letter was a "Physician Review" signed by James W. Butler, M.D. Dr. Butler opined that Mr. Trujillo would be medically eligible for special issuance of FAA medical certification, if he submitted the "appropriate information" to the FAA. Accordingly, Aetna' Denial letter **stated "It is determined that if you provided the appropriate information, you could be cleared to return to work as a Pilot."** (Emphasis added.)

15. By letter dated **March 7, 2017**, counsel for Mr. Trujillo wrote to Aetna, requesting a full and fair review of the denial of Mr. Trujillo's disability insurance benefits, and requesting documents and information relevant to Mr. Trujillo's claim to allow Mr. Trujillo and his physicians to make a complete and meaningful response to the denial of his benefits claim.

### PLAINTIFF'S REQUESTS FOR INFORMATION REQUIRED BY ERISA

#### A. INFORMATION AND DOCUMENTS REGARDING MR. TRUJILLO'S BENEFITS CLAIM

16. By letter dated **March 7, 2017**, counsel for Mr. Trujillo wrote to Aetna, notifying Aetna that Mr. Trujillo was appealing Aetna's denial of his insurance benefits, and requesting information and documents that counsel's letter asserted were necessary to allow Mr. Trujillo and his physicians to respond to Aetna's refusal to pay his benefits claim.

17. Aetna responded by letters dated **March 13, 2017** and **March 24, 2017** (hereafter and collectively, "Aetna's Response Letters").

**(1) Information and Medical Records Required to Perfect Plaintiff's Claim**

18. Federal regulation 29 C.F.R. §2560.503-1(g)(iii) requires ERISA plan fiduciaries to provide a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

19. Further, ERISA requires benefit plan administrators to act as fiduciaries and to engage in a meaningful dialogue and exchange of information with a plan beneficiary regarding the evidence and information necessary to perfect his or her benefits claim.

20. Defendant Aetna is, and at all relevant times was, a fiduciary of the benefits plan insured by the Policy.

21. As a fiduciary under ERISA, Aetna owed the highest duties of fidelity and cooperation to the benefits plan and its beneficiaries.

22. Counsel's above-referenced letter dated March 7, 2017 requested as follows:

**"I respectfully request that Aetna tell us plainly what further records, testing or information is necessary to perfect Mr. Trujillo's disability insurance benefits claim. I am afraid that Aetna's letter of January 17, 2017 is unhelpful in that regard."**

23. Aetna's response letters did not provide any substantive response, other than to enclose a copy of "Mr. Trujillo's STD/LTD/LOA File"

24. Plaintiff's counsel wrote again to Aetna by letter dated **July 11, 2017**:

**"I write to ask once again for Aetna to tell us plainly what further records, testing or medical information Aetna needs for Mr. Trujillo to perfect his claim for benefits, so that we may obtain and supply it to you** . . . I would appreciate your having a representative telephone me to discuss the claim. You may call me or email me to select a time for discussion, and I will block out the time."

25. Aetna has made no response to the above-referenced letter.

**(2)    Aetna's Assertion That Mr. Trujillo Could Cause The FAA To Reverse Its Determination That He Is Not Medically Fit To Fly If He Provides The FAA With "The Appropriate Information**

26. Counsel's above-referenced March 7, 2017 letter asked Aetna to explain its position that "[it] is determined that if you provided the appropriate information, you

could be cleared to return to work as a Pilot." Aetna's Response Letters made no response.

### (3) Documents Relevant to Plaintiff's Claim for Benefits

27. The pertinent ERISA regulations require that plan fiduciaries provide the claimant with all documents, records, and other information relevant to his or her claim for benefits.

28. 29 C.F.R. §2560.503-1(m)(8) specifies that a document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record or other information

(i) was relied upon in making the benefit determination;

(ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document record or information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) in the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29. Plaintiff counsel's above-referenced letter dated March 7, 2017 requested each of these categories of documents in addition to Aetna's claim file. Plaintiff is informed and believes and on that basis alleges that the file produced by Aetna did not include all such documents in Aetna's custody, possession or control.

## FIRST CLAIM FOR RELIEF
[for directed remand with instructions]

30. Plaintiff re-alleges and incorporates here by this reference the allegations of paragraphs 1-29, inclusive, of this Complaint.

31. Plaintiff is, and at all relevant times was, a Plan participant and a covered beneficiary under the defendant Plan.

32. Defendant Aetna was obligated to provide to plaintiff the opportunity for a full and fair review of Aetna's denial of his disability insurance benefits claim in accordance with the requirements of ERISA, including the specific requirements alleged herein, and failed to do so, as alleged herein.

WHEREFORE, plaintiff prays for an order from the Court remanding the claim to the ERISA plan fiduciaries for a full and fair review in accordance with the requirements of ERISA and with such directions as the Court shall deem appropriate.

## SECOND CLAIM FOR RELIEF
[for benefits due under the defendant ERISA plan]

33. Plaintiff is, and at all relevant times was, a Plan participant and a covered beneficiary under the defendant Plan.

34. Plaintiff is, and at all relevant times has been, totally disabled within the meaning of the terms of the Plan.

35. Defendant has failed and refused to pay to plaintiff disability benefits to which plaintiff is entitled under the terms of the Plan.

36. Plaintiff has fulfilled every condition and has duly performed each and every obligation that plaintiff was required to perform under the terms of the Plan in order to be entitled to disability benefits, and is and at all relevant times has been entitled to payment of those benefits under the terms and conditions of the Plan.

37. Defendant have breached its obligations to plaintiff by failing to fulfill its obligations under the Plan and under the applicable provisions of ERISA, including but not limited to the obligation to pay disability benefits under the Plan, by unreasonably

and wrongfully failing to conduct and complete timely a proper investigation and review of plaintiff's claim for disability insurance benefits, by failing to provide relevant documents and information to plaintiff, and by failing and refusing to make payment of plaintiff's benefits without a reasonable basis for such failure and refusal.

38.     As a direct and proximate result of defendant's conduct as alleged herein, plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of contractual disability insurance benefits, interest on those benefits, and attorneys' fees, and expenses.

WHEREFORE, plaintiff respectfully prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
### [For Breach of Fiduciary Duty]

39.     Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 38, inclusive, of this Complaint.

40.     Defendant has breached its obligations to plaintiff by failing to fulfill its obligations under the Plan and under the applicable provisions of ERISA, including but not limited to the obligation to pay disability benefits under the Plan, by unreasonably and wrongfully failing to conduct and complete timely a proper investigation and review of plaintiff's claim for disability insurance benefits, by failing to provide relevant documents and information to plaintiff, and by denying payment of plaintiff's benefits without a reasonable basis for such denial.

41.     Defendant has further breached its fiduciary obligations to plaintiff and to other participants in the Plan by adopting and implementing, on a plan-wide basis, an inaccurate and improper interpretation of Plan terms and provisions so as to limit or to deny benefits to plan members, including Plaintiff, who are properly eligible and entitled to be paid their disability benefits, by requiring "objective" medical evidence under circumstances where such "objective" evidence is not possible to obtain regardless of the

merits of the benefits claim.

42.  As a direct and proximate result of defendants' conduct as alleged herein, plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of disability benefits, interest on those benefits, consequential damages, and attorneys' fees and expenses.

  WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
[For Statutory Penalties]

43.  Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 13, inclusive, of this Complaint.

44.  Plaintiff, through designated representatives, requested that defendants provide documents and information in accordance with defendants' obligations under ERISA. Defendants failed and refused to do so for more than 30 days, up to and including the present time.

  WHEREFORE, Plaintiff prays for judgment as follows:

1.  For a directed remand, as alleged in the First Claim For Relief;
2.  For benefits due under the Plan, under ERISA §502(a)(1)(B);
3.  For a declaration clarifying plaintiff's rights under the Plan, under ERISA §502(a)(1)(B);
4.  For prejudgment interest;
5.  For statutory penalties under ERISA §502(a)(1)(A);
6.  For attorneys' fees, costs and expenses under ERISA §502(g);  and

///

///

(continued on next page)

7.    For such other and further relief, including appropriate equitable relief, as the Court deems just and proper.

Dated: July 17, 2017

Respectfully submitted,
JULIAN M. BAUM & ASSOCIATES

*/s/ Julian M. Baum*

By: _____
Julian M. Baum
Attorneys for Plaintiff